Shauck, J.
The controversy between the parties concerns the. priority of the liens of chattel mortgages respectively held by the plaintiff in error and the principal defendant in error. The mortgage of the defendant in error is prior in date. It is admitted that both mortgages have been perpetuated by refiling, and that the amounts of the debts which they respectively secure are correctly stated in the pleadings of the parties.
The judgment of the circuit court which we are asked to reverse awards priority to the brewing company, the principal defendant in error; and the holder of the senior mortgage. Counsel for the plaintiff in error challenges the correctness of that conclusion because of the fact, which is also admitted of record, that after both mortgages had become absolute, and after the plaintiff had instituted suit for foreclosure, joining as a defendant *384 a prior owner of the senior mortgage, and after such prior owner had answered, it brought an independent action upon the note which its mortgage secured, recovered judgment and caused an execution to be issued and levied upon the property-covered by the mortgages. Later it abandoned its levy and assigned its mortgage to the defendant. It may be assumed without discussion that the defendant, being a purchaser pendente lite, took the position of its assignor. That the assignor, by the suit and levy, waived the lien of the mortgage, or at least its priority, is the claim of plaintiffs counsel, and the conclusion is said to result from the doctrine of merger. That the note became merged in the judgment which was a higher form of the same debt is clear enough upon both principle and authority. But it is not made to appear how it could affect the lien of the mortgage, which, according to the established view in this state, is only a security for the debt. Why should not that which was a security before the recovery of judgment be a security after it? Plaintiff did not, in any way, change his position in consequence of the recovery of that judgment, nor was he, in any way, affected by it. No reason appears why the case should not be governed by the general rule that a security continues until the discharge of the obligation. If the doctrine of merger could be said to be applicable to a case of this character, it would still be true that even with respect to the union of a lesser and greater estate in the same property and in the same person, the estates will not be regarded as merging if equitable considerations require them to be regarded as separate. But in *385 view of our own decisions, an extended discussion of the subject is not necessary. In Frost v. Shaw et al., 3 Ohio St., 271, the precise question was decided in accordance with the view taken in the circuit court. That case was later cited with approval in Colwell v. Carper, 15 Ohio St., 279.

Judgment affirmed.

Spear, C. J., Davis, Price, Johnson and Donahue, concur.